Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, New York 10166
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AKBAR ALI GREENE, *on behalf of himself, and others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>TEITEL BROS., INC., *doing business as* TEITEL BROTHERS WHOLESALE AND RETAIL GROCERY COMPANY, *and* GILBERT TEITEL *and* EDWARD TEITEL, *individually,*<br><br>Defendants. | Case No. 22 CV 723<br><br>**COMPLAINT in an FLSA ACTION**<br><br>ECF Case<br><br>Jury Trial Demand |

---

Plaintiff, Akbar Ali Greene ("Plaintiff"), on behalf of himself, and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Teitel Bros., Inc., doing business as Teitel Brothers Wholesale and Retail Grocery Company, located at 2372 Arthur Avenue, Bronx, New York 10458 (hereinafter, "Teitel Bros.") and Gilbert Teitel and Edward Teitel, individually, (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Akbar Ali Greene, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover

from the Defendants: (1) unpaid wages and minimum wages for hours worked; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff, Akbar Ali Greene, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages for hours worked; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Bronx County, New York.

6.      Defendant, Teitel Bros., Inc., is a business entity existing and doing business under the laws of the State of New York, with a principal place of business at 2372 Arthur Avenue, Bronx, New York 10458.

7. Upon information and belief, Defendant, Gilbert Teitel, is an owner, officer, director and/or managing agent of Teitel Bros., whose address is unknown at this time and who participated in the day-to-day operations of Teitel Bros. and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Teitel Bros.

8. Upon information and belief, Defendant, Edward Teitel, is an owner, officer, director and/or managing agent of Teitel Bros., whose address is unknown at this time and who participated in the day-to-day operations of Teitel Bros. and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Teitel Bros.

9. Plaintiff, Akbar Ali Greene, was employed by Defendants in Bronx County, New York, as a driver for Defendants' wholesale and retail gourmet grocery supply business, known as "Teitel Bros." from 2014 through December 29, 2021.

10. At all relevant times, Teitel Bros. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, Akbar Ali Greene, was directly essential to the business operated by Teitel Bros..

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Akbar Ali Greene lawfully earned wages and minimum wages for hours worked, in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Akbar Ali Greene lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Akbar Ali Greene lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

15. Plaintiff, Teitel Bros., has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In 2014, Plaintiff, Akbar Ali Greene, was hired by Defendants to work as a driver for Defendants' wholesale and retail grocery store business, known as "Teitel Bros.", located at 2372 Arthur Avenue, Bronx, New York 10458.

17. Plaintiff, Akbar Ali Greene, worked continuously for the Defendants from 2014 through December 29, 2021.

18. Plaintiff's duties were to transport food items from Teitel Bros. and its suppliers at Hunts Points Market, to stores and restaurants in the New York Metropolitan area.

19. At all relevant times during Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked twelve (12) or

more hours per shift, and he worked five (5) shifts per week. Plaintiff always worked at least sixty (60) hours per week, and often more, especially during holiday periods.

20. Plaintiff was not paid wages for all hours worked, or overtime wages. Plaintiff was paid on a *salary basis*. Plaintiff Akbar Ali Green was paid a weekly salary of seven hundred fifty dollars ($750.00) during the last three (3) years of his employment (2019 through 2021). In 2018, Plaintiff was paid a weekly salary of six hundred fifty dollars ($650.00). In 2014 through 2017, Plaintiff was paid a weekly salary of five hundred fifty dollars ($550.00).

21. Plaintiff was always paid "off the books", in cash. He was not provided a wage statement or other documentation of his hours and wages. His employer did not keep track of his working hours on a daily basis. Plaintiff was paid a fixed salary, not based on his working hours, and he was not paid additional compensation for hours worked beyond forty (40), each week. He was not paid hourly.

22. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees, for some hours they worked.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

24. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

25. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

26. Defendant, Gilbert Teitel, is an individual who, upon information and belief, owns the stock of Teitel Bros., owns Teitel Bros., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work. He was present at the store on a daily basis and actively manages its operations.

27. Defendant, Edward Teitel, is an individual who, upon information and belief, owns the stock of Teitel Bros., owns Teitel Bros., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work. Edward Teitel supervised Plaintiff and other employees, and ultimately, terminated his employment.

28. The individual defendants exercised control over the terms and conditions of Plaintiff's employment in that they had and have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

29. Defendant Gilbert Teitel, exercised sufficient control over Teitel Bros.' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

30. Defendant Edward Teitel, exercised sufficient control over Teitel Bros.' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

31. Plaintiff was paid "off the books", in cash and worked directly for the corporate and individual Defendants.

32. Plaintiff, and other similarly situated employees, were paid less than the statutory minimum wage.

33. Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of forty (40) per week.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action individually and as representative on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since January 2019 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage for some hours worked, and less than the statutory rate of time and one-half the minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

35. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are dozens of Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

37. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

38. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

8

39. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

   d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

   e. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

   g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated

and statutory damages, interest, costs and disbursements, and attorneys' fees.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, Teitel Brox. (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Plaintiff, Akbar Ali Greene, worked hours for which he was not paid the statutory minimum wage.

48. Plaintiff worked over forty (40) hours per week.

49. Plaintiff was always paid wages in cash.

50. Work performed above forty (40) hours per week (overtime) was not paid at time and one-half the statutory minimum rate as required by state and federal law.

51. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some hours worked.

52. Defendants failed to pay Plaintiff minimum wages in the lawful amount for all hours worked.

53. Plaintiff, Akbar Ali Greene, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

54. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

55. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

57.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

58.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59.     Record in possession of the Defendants may be inaccurate or false because, at all relevant times, the Defendants failed to maintain time records. Plaintiff was not allowed to punch a time clock or otherwise keep track of his working hours.

60.     Defendants failed to properly disclose or apprise Plaintiff, Akbar Ali Greene, of his rights under the FLSA.

61.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

62. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

67. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

68. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

69. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

71. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

73. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

74. Defendants did not provide Plaintiff, with statements accurately accounting for his actual hours worked, and setting forth his hourly rate of pay, regular wage, and overtime wages.

75. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying him for his full hours worked; and, overtime due.

76. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77. Plaintiff was not provided with true and accurate wage statements and annual wage notices, as required by law.

78. At times relevant to this action Plaintiff was paid cash, and not provided with a wage statement as required by law, New York Labor Law § 195(3).

79. As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

80. As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

81. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Akbar Ali Greene, on behalf of himself, and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An injunction against Teitel Bros., Inc. and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(d) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(e) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(j) Such other and further relief as this Court determines to be just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       January 27, 2022

                                              Respectfully submitted,

                                              CILENTI & COOPER, PLLC
                                              **Attorneys for Plaintiff**
                                              200 Park Avenue – 17th Floor
                                              New York, New York 10166
                                              Telephone  (212) 209-3933
                                              Facsimile   (212) 209-7102
                                              pcooper@jcpclaw.com

By: _____
                    Peter H. Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Gilbert Teitel
        Edward Teitel

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Akbar Ali Greene intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Teitel Bros., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
          January 27, 2022

                                        Respectfully submitted,

By:   _____
              Peter H. Cooper  (PHC 4714)

            CILENTI & COOPER, PLLC
            **Attorneys for Plaintiff**
            200 Park Avenue – 17th Floor
            New York, NY 10166
            Telephone  (212) 209-3933
            Facsimile (212) 209-7102
            E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Akbar Greene, am an individual currently or formerly employed by Teitel Brothers and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
November 15, 2021

_____
Akbar Greene